UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MARCEL RICHARDSON,            )
                                    )
            Petitioner,              )   Case No. 1:06-cv-392
                                    )
v.                                   )   Honorable Gordon J. Quist
                                    )
THOMAS G. PHILLIPS,                  )
                                    )
            Respondent.              )
_____)

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies.

**Discussion**

I. Factual allegations

Petitioner is presently incarcerated at the Pugsley Correctional Facility. On August 27, 2001, Petitioner pleaded guilty in the Oakland County Circuit Court of fourth-degree larceny greater than $20,000. The trial court sentenced Petitioner on October 4, 2001, to a term of imprisonment of two to fifteen years. In the instant petition, Petitioner is complaining of the revocation of his parole.

On September 23, 2003, Petitioner was granted a parole. On November 6, 2005, he was arrested for an alleged physical assault upon his girlfriend, but no charges were filed, and Petitioner was released from police custody. On November 14, 2005, petitioner was arrested for violating his parole based upon the alleged assault of November 6, 2005. Petitioner was charged with (1) engaging in unlawful behavior and (2) engaging in assaultive, abusive, threatening, intimidating behavior.

Petitioner was arraigned on the parole violation charges on December 15, 2005. A parole violation hearing was held before an administrative law examiner on January 3, 2006. Because neither the arresting officer nor the alleged victim was present at the hearing, the hearing officer dismissed the charges without prejudice. Petitioner was recharged the same day, and was arraigned on January 11, 2006. On February 15, 2006, a second parole violation hearing was held at which the arresting officer appeared and testified. Although Petitioner had requested that the alleged victim appear and testify, she was not present at the hearing. Petitioner was found guilty of the charges, and the Parole Commission imposed a twenty-four month revocation of his parole.

> Michigan law provides in relevant part:
>
> Within 45 days after paroled prisoner has been returned or is available for return to a state correctional facility under accusation of a parole violation other than conviction for a felony or misdemeanor punishable by imprisonment under the laws of this state . . . the prisoner is entitled to a fact-finding hearing on the charges before 1 member of the parole board or an attorney hearings officer designated by the chairperson of the parole board.

MICH. COMP. LAWS § 791.240a(1). Petitioner claims that his due process rights were violated when his parole revocation hearing was not conducted within forty-five days of being charged with violating his parole as required by the Michigan statute. He also claims that in *Jones v. Department of Corrections*, 664 NW2d 717 (Mich. 2003), the Michigan Supreme Court "violated the Michigan legislature's intent and violated Petitioner's due process rights as guaranteed by the Fourteenth Amendment."

For relief, Petitioner seeks a reinstatement of his parole and his immediate release from prison.

II. Failure to exhaust available state court remedies

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). According to his petition, Petitioner did not exhaust any of his available state court remedies. He contends that there are no state remedies available with regard to parole revocation.

The Supreme Court has recognized a parolee's due process right to adequate procedures leading up to the revocation of parole. *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). However, a petitioner must exhaust state remedies for these claims. 28 U.S.C. § 2254(b); *see Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993) (noting that petitioner had exhausted all state remedies before bringing habeas action); *Brewer v. Dahlberg*, 942 F.2d 328, 337 (6th Cir. 1991) (dismissing challenge to state parole revocation because state remedies were arguably available). The federal habeas court will require exhaustion only if there is some "reasonable probability" that a state remedy is available. *Witzke v. Withrow*, 702 F. Supp. 1338, 1349 (W.D. Mich. 1988) (citing *Powell v. Wyrick,* 657 F.2d 222, 224 (8th Cir. 1981)). A Michigan prisoner

contesting his parole revocation may seek judicial review of his parole revocation under the Administrative Procedures Act, or file a petition for state habeas corpus relief.[1]

Parole revocations are subject to direct review under Michigan's Administrative Procedures Act, MICH. COMP. LAWS § 24.304(1). *See Penn v. Dep't of Corr.*, 298 N.W.2d 756, 757-58 (Mich. Ct. App. 1980)(noting that the MDOC is an agency for purposes of the Administrative Procedures Act and that a parole revocation proceeding is a contested case that triggers application of the Administrative Procedures Act); *Witzke*, 702 F. Supp. at 1348-49. Under the Administrative Procedures Act, a prisoner may file a petition in circuit court to appeal a final decision of the parole board within sixty days after the date of mailing notice of the agency's final decision. *See* MICH. COMP. LAWS § 24.304(1). Petitioner was found guilty after a hearing held on February 15, 2006, which is 110 days before he filed his present petition on June 6, 2006. However, because Petitioner did not provide the date the agency's final decision to revoke parole was mailed, the Court is not able to determine if an action under the Administrative Procedures Act is presently available to Petitioner.

A prisoner may also attack the decision to revoke his parole by filing a state petition for habeas corpus relief. *See Morales v. Mich. Parole Bd.,* 676 N.W.2d 221, 230 (Mich. Ct. App. 2003); *Hinton v. Mich. Parole Bd.*, 383 N.W.2d 626, 629-30 (Mich. Ct. App. 1986); *Triplett v. Deputy Warden*, 371 N.W.2d 862, 865 (Mich. Ct. App. 1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 381 (E.D. Mich. 1991) (dismissing federal habeas corpus petition by a state prisoner for lack of exhaustion of his available state habeas corpus remedy to challenge the revocation of his

---

[1] Michigan prisoners no longer have the ability to appeal a parole denial. *See* MICH. COMP. LAWS § 791.234(9) (as amended by 1999 Mich. Pub. Acts 191). However, the amendments to the statute did not eliminate a prisoner's right to appeal a decision regarding parole revocation.

parole). A prisoner may, at any time, file a state writ of habeas corpus to challenge the revocation of his parole as long as the prisoner will be in custody at the time the judgment becomes effective. *See Triplett*, 371 N.W.2d at 865.

An applicant for habeas corpus relief has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Because Petitioner may file a petition for state habeas corpus relief, he has at least one available state court remedy. Petitioner has failed to file for any state review of his parole revocation, and accordingly, his claims are not exhausted under 28 U.S.C. § 2254(b)(1).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application without prejudice for lack of exhaustion pursuant to 28 U.S.C. § 2254(b)(1).

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v.*

*Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of N.Y.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of petitioner's claims on the procedural ground of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or

that the petitioner should be allowed to proceed further." *Id.*   Therefore, the Court denies Petitioner a certificate of appealability.

        A Judgment consistent with this Opinion will be entered.


Dated:  January 19, 2007                                         /s/ Gordon J. Quist
                                                                       GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE